**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRENCE R. BRIDGEFORTH,

     Plaintiff - Appellant,

v.

DELORES RAMSEY; RON WARD;
C. T. MARTIN; DARRELL CABLE;
BRADLEY SUTER; BILLY
CRENSHAL,

     Defendants - Appellees.

No. 99-6179
(D.C. No. CIV-98-287-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** and **LUCERO** , Circuit Judges.

Appellant Terrence Bridgeforth, a state prisoner proceeding pro se,

challenges the district court's dismissal of his action filed pursuant to 42 U.S.C. §

1983. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

*The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

This case was initiated by Bridgeforth's complaint filed in district court against various Oklahoma prison officials alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Defendants interposed a motion to dismiss, or, in the alternative, for summary judgment. On the magistrate judge's recommendation, the district court granted defendants' motion to dismiss because Bridgeforth failed to state claims upon which relief could be granted. We review de novo the dismissal of a § 1983 complaint for failure to state a claim upon which relief can be granted. See Miller v. Glanz , 948 F.2d 1562, 1565 (10th Cir. 1991).

## I

The complaint alleges that while in confinement, on February 26, 1996, an unidentified officer seized and destroyed his legal correspondence and his personal property, and on June 4, 1997, defendant Cable seized his radio. Bridgeforth claims he filed grievances regarding both of these incidents and that defendants Ward and Ramsey maliciously denied him relief.

As the district court noted, prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because "the Fourth Amendment does not establish a right to privacy in prisoners' cells." Hayes v. Marriott , 70 F.3d 1144, 1146 (10th Cir. 1995) (citing Hudson v. Palmer , 468 U.S. 517, 522-30

- 2 -

(1984)). Therefore, Bridgeforth's Fourth Amendment claim based on his contention that the unnamed defendant and Cable violated his right against unreasonable searches and seizures in his prison cell necessarily fails.

The district court also correctly dismissed Bridgeforth's Eighth Amendment cruel and unusual punishment claim based on the alleged improper seizures. The Eighth Amendment protects against "only those deprivations 'denying the minimal civilized measure of life's necessities.'" See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The alleged deprivation of personal property and legal materials is not specific enough to state a claim for relief under the Eighth Amendment.

The claim that defendants' seizure of Bridgeforth's personal property and legal materials violated his Fourteenth Amendment due process right was also correctly dismissed. Even if the seizure of a prisoner's property is improper, an intentional deprivation of property does not give rise to a Fourteenth Amendment due process claim if adequate state post-deprivation remedies are available. See Hudson, 468 U.S. at 533; Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990). As cited by the district court, Bridgeforth has state remedies available to him for contesting the alleged deprivations. See, e.g., Okla. Stat. tit. 12, § 1571 (replevin); Okla. Stat. tit. 51, §§ 151-171 (Governmental Tort Claims Act).

**II**

The complaint also addressed incidents which occurred during November 1997. On the 21st day of that month, defendant Crenshal is claimed to have maliciously denied Bridgeforth access to outdoor recreation and placed him in restrictive housing without due process of law. Bridgeforth further alleges that during his transfer to restrictive housing defendants Suter, Martin, and an unnamed defendant used excessive force and that Martin and the unnamed defendant physically and verbally harassed Bridgeforth by handling him roughly and making sexual comments. On that same day, defendant Suter and an unnamed defendant allegedly deprived Bridgeforth of lunch. From November 21 to November 25, 1997, defendant Suter allegedly deprived Bridgeforth of bedding, clothing, hygiene items, and personal property. [1] Bridgeforth tells us he filed grievances regarding each of these incidents but that defendants Ward and Ramsey maliciously denied him relief. Bridgeforth argues his treatment in restrictive housing violated his Eighth Amendment right against cruel and unusual punishment.

---

[1] Bridgeforth does not dispute that on November 21, 1997, before being placed in restrictive housing, defendant Crenshal issued a misconduct report charging Bridgeforth with "disrespect to staff or citizens." On November 26, 1997, a disciplinary hearing was held, in which the presiding officer found Bridgeforth guilty of the charged offense.

As discussed above, the Eighth Amendment only proscribes "sufficiently grave" deprivations "denying the minimal civilized measure of life's necessities." Wilson, 501 U.S. at 298 (internal quotations and citations omitted). Here, Bridgeforth was allegedly deprived of one meal, exercise for one day, and denied bedding, personal property, and hygiene items for five days. "The Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir. 1998) (quoting Rhodes, 452 U.S. at 347, 349). We therefore conclude that the district court correctly dismissed Bridgeforth's Eighth Amendment claim. The alleged deprivations are not sufficiently grave to warrant relief and did not deprive Bridgeforth of the minimal civilized measure of life's necessities. See Wilson, 501 U.S. at 298.

As noted by the district court, verbal threats and harassment do not give rise to an Eighth Amendment violation. See Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992). De minimis applications of force also do not violate the Eighth Amendment. See id. Thus, Bridgeforth's allegations that defendants were rough when putting him in restrictive housing, coupled with verbal harassment, are insufficient to state a claim under the Eighth Amendment.

The further allegation that defendants' placement of appellant in restrictive housing violated his Fourteenth Amendment due process right fails as well. Due

process does not necessarily mandate a hearing prior to placement of a prisoner in restrictive housing. See Sandin v. Conner, 515 U.S. 472, 484-85 (1995). There is no dispute that a hearing pursuant to state law was held after his placement in restrictive housing. That hearing is sufficient to meet due process requirements. See id.

## III

In addition to the claims addressed above, Bridgeforth asserts three conclusory allegations in his complaint. He alleges that defendants violated his First Amendment rights with regard to his seizure claims and that defendants violated his Fourth and Fifth Amendment rights with regard to his discipline-related claim. In dismissing the case in its entirety, the district court's order does not specifically address these additional claims. Our independent review of the record finds adequate support for the district court's dismissal of these claims. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

The additional claims are too conclusory to state claims upon which relief can be granted. Although on appeal from a motion to dismiss "we must accept all of the well-pleaded allegations in the complaint as true," we are not required to "accept conclusory allegations." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998) (citations omitted). Such allegations, unsupported by factual averments, are insufficient to state a claim upon which relief can be

granted.  See Hall v. Bellmon , 935 F.2d 1106, 1110 (10th Cir. 1991).  Even applying the liberal standard of construction for pro se pleadings,       see Haines v. Kermer , 404 U.S. 519, 520-21 (1972), we do not see sufficient facts to support Bridgeforth's claims.

AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge